UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BOILS, | ) |
| Plaintiff, | ) ) ) ) Case No. |
| – vs – | ) ) |
| TRANSUNION, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT and JURY DEMAND

Plaintiff, JEFFREY BOILS ("Plaintiff"), through his undersigned counsel, hereby alleges the following against Defendant TRANSUNION, LLC ("Defendant"):

### Nature of the Action

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Jurisdiction and Venue

2. This Court has jurisdiction under 15 U.S.C. § 1681p of the FCRA and 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction are proper in this District because Defendant is headquartered within this District and a material portion of the events or omissions giving rise to this claim occurred within this District.

### Parties

4. Plaintiff is a natural person at all relevant times residing in Albany, Kentucky.

5. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

- 1 -

6. Defendant is a business entity that is headquartered in Cook County, Chicago, Illinois.

7. Defendant is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

8. Defendant is a "consumer reporting agency" ("CRA") as that term is described by 15 U.S.C. § 1681a(f).

9. At all relevant times, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**Factual Allegations**

11. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit information (hereinafter referred to as "inaccurate information").

12. The inaccurate information of which Plaintiff complains concerns a Citibank N.A. ("Citibank") account/tradeline from Sears (hereinafter referred to as the "Account").

13. On or about May 7, 2017, Plaintiff and Citibank agreed to settle the Account for less than the full balance, to be paid in monthly payments.

14. Plaintiff satisfied the terms of the aforementioned agreement on or about November 14, 2018 by making the final payment, which Citibank accepted.

15. Despite the foregoing, Defendant continued to report inaccurate information concerning the Account and, upon information and belief, disseminated credit reports containing said inaccuracies.

16. On or about May 7, 2020, Plaintiff disputed, via written letter with Defendant, the inaccurate information being reported on the Account.

17. Plaintiff's written dispute, which included a copy of the settlement agreement, explained that the Account had been settled and paid, and that the credit report failed to accurately reflect the settlement and the Account.

18. Pursuant to 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information, Defendant was required to begin a re-investigation into Plaintiff's dispute and notify Citibank of Plaintiff's dispute.

19. However, Defendant failed to conduct a reasonable re-investigation into Plaintiff's dispute and entirely failed to notify Citibank of Plaintiff's dispute as required under the FCRA.

20. Neither did Defendant notify Plaintiff that it considered his dispute frivolous.

21. Rather, Defendant received Plaintiff's dispute and did nothing.

22. As a result, notwithstanding Plaintiff's efforts, as of August 10, 2020, Defendant continued to publish and disseminate inaccurate information concerning the Account.

23. Specifically, Defendant continued to report a balance on the Account through March 2019, despite the Account having been settled in November 2018.

24. Additionally, Defendant continued to report the Account with inaccurate or misleading comments and remarks through December 2019 including, but not limited to, reoccurring charge offs and superfluous settlement remarks.

25. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

26. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully,

intentionally, recklessly, and negligently failed to perform a reasonable re-investigation of the aforementioned dispute as required by the FCRA. As a result, Defendant has failed to remove the inaccurate information and has continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

27. If Defendant would have complied with its statutory duties, the inaccurate information regarding the Account would not have been reported.

28. As a result of Defendant's conduct, Plaintiff has suffered actual damages as inaccurate information being reported on Plaintiff's credit report, which has impeded Plaintiff's ability to obtain credit or favorable terms in financing an interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information reported on the credit report, and a decreased credit score, which may result in the inability to obtain credit or favorable terms on future attempts.

## **COUNT I**
## **Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b):

    a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file.

31. This conduct was a direct and proximate cause, as well as a substantial factor, in bring about the injuries, damages, and harm to Plaintiff outlined herein. As a result, Defendant is

liable to Plaintiff for the full amount of statutory, actual and punitive damages, attorneys' fees and costs of litigation, and such relief as may be permitted by law.

## COUNT II
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

33. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. § 1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a); and

   e. Willfully or negligently failing to notify Citibank of Plaintiff's dispute within five (5) business days, in violation of 15 U.S.C. § 1681i(a).

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgement be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

- 6 -

34. Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681n(a);

35. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a);

36. Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further FCRA violations, pursuant to 15 U.S.C. § 1681n(a);

37. The costs of instituting this action, together with reasonable attorneys' fees incurred by Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(3); and

38. Any further legal and equitable relief as this honorable Court deems just and proper.

## JURY TRIAL DEMAND

39. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: April 2, 2021

/s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

*Attorneys for Plaintiff,*
*JEFFREY BOILS*